**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No. 20-20265

ANTONIO ASHFORD,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S PETITION
FOR REDUCTION IN SENTENCE**

Defendant Antonio Ashford pleaded guilty on November 12, 2020, to Felon in Possession of a Firearm, 18 U.S.C. §922(g). (ECF No. 21.) He was sentenced to 30 months imprisonment. (ECF No. 30.) His projected release date is July 16, 2023.

Now before the court is Defendant's "petition" for reduction in sentence. (ECF No. 36.) The government has objected (ECF No. 39), and Defendant has filed a reply (ECF No. 41). Having reviewed the record, the court finds a hearing is not necessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the court will deny Defendant's request.

**I. STANDARD**

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C. § 3553(a) must weigh in favor of a sentence reduction. Third,

a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* When a prisoner moves for compassionate release himself, as in this case, there is no applicable policy statement issued by the Sentencing Commission, and the third requirement is ignored. *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020); *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). Nevertheless, to obtain compassionate release, a prisoner must present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in his favor. 18 U.S.C. § 3582(c)(1)(A); see *Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction ... is warranted" under § 3553(a)).

## II.  DISCUSSION

Defendant's circumstance is neither "extraordinary" nor "compelling." 18 U.S.C. § 3582(c)(1)(A). "[W]hen Congress enacted the statute in 1984, 'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.'" *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021), *cert. denied,* 142 S. Ct. 2771 (2022) (citing Webster's Third New International Dictionary: Unabridged 807 (1971)). Meanwhile, "'[c]ompelling' meant 'forcing, impelling, driving.'" *Id.*

In his motion, Defendant claims that the Coronavirus Disease ("COVID-19") constitutes" extraordinary and compelling circumstances." (ECF No. 36, PageID.353-54.) However, he does not describe any conditions or unique vulnerabilities that apply specifically to him. Further, Defendant is fully vaccinated (ECF No. 36, PageID.354) and received at least a booster shot as of December 30, 2021 (ECF No. 40).

2

The Sixth Circuit has been clear that "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citation omitted); *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (same); *see also United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) (noting that "absent extenuating circumstances not present here, ... the COVID-19 pandemic, with COVID-19 vaccinations now available to federal prisoners" is not an " 'extraordinary and compelling reason' justifying a sentencing reduction") (citations omitted); *United States v. Fowler*, No. 21-5769, 2022 WL 35591, at *2 (6th Cir. Jan. 4, 2022) (rejecting the prisoner's "argument that an elevated risk of COVID-19 can still meet the 'extraordinary and compelling' requirement of § 3582(c)(1)(A)(i) despite the widespread availability of the vaccine"); *United States v. Sweet*, No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021) (finding that a "district court abuse[d] its discretion by granting a sentence reduction under Section 3582(a) when the inmate largely faces the same risk from COVID-19 as those who are not incarcerated after being vaccinated") (quotations omitted). Federal courts "have routinely held that extraordinary and compelling circumstances are lacking and a compassionate release is not warranted based on the threat of Covid-19 alone when a vaccine is available." *United States v. Browder*, No. 13-20917, 2022 WL 2898632, at *2 (E.D. Mich. July 21, 2022) (citing cases); *United States v. Washington*, No. 17-20683, 2022 WL 2678518, at *3 (E.D. Mich. July 11, 2022) (same); *see e.g., United States v. Smith*, No. 10-CR-20566, 2022 WL 3230423, at *2 (E.D. Mich. Aug. 10, 2022); *United States v. Stewart,* No. 17-CR-20756, 2022 WL

3145951, at *2 (E.D. Mich. Aug. 5, 2022); *United States v. Bates,* No. 16-CR-20280, 2022 WL 3137415, at *2 (E.D. Mich. Aug. 5, 2022); *United States v. Mukherjee*, No. 4:4-CR-50044-1, 2022 WL 2703955, at *3 (E.D. Mich. July 12, 2022). Defendant's situation here is no different.

### III. CONCLUSION

Extraordinary and compelling reasons do not exist to warrant granting Defendant compassionate release from prison or a modification of his sentence. Accordingly,

IT IS ORDERED that Defendant's "Petition for Reduction in Sentence Pursuant [to] 18 U.S.C. 3582(c)(1)(A)" (ECF No. 36) is DENIED.

s/Robert H. Cleland          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 8, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 8, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner          /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\NTH\Criminal\20-20265.ASHFORD.CompassionateRelief.NH.docx